## LAND v BROTHERHOOD OF LOCOMOTIVE ENGINEERS BLDG ASSN

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15359.  Decided May 18, 1936

J. J. Wodisky, Cleveland, for plaintiff in error.

Thompson, Hine & Flcry, Cleveland, for defendant in error.

## OPINION

By GUERNSEY, J.

Among the covenants in the leases which is attached to the bill of exceptions, is a covenant which was not specifically referred to in the opening statement, which reads as follows: "That said premises are now in good repair, and that the lessee will deliver up and surrender unto the lessor the possession thereof at the termination of this lease in as good condition and re-

pair as the same shall be in at the commencement of said term; natural wear and decay or damage by the elements or electricity, or by any act of God, or by means of invasion, insurrection, riot or civil commotion, or of any military or usurped power only excepted."

While the allegations of the petition are broad enough to charge that the defendant, Engineers Building Association, reserved unto itself the exclusive right of maintenance, control and supervision of the premises occupied by Bloch's restaurant in which the plaintiff was injured and the exclusive right to protect said restaurant from drafts by erecting around the door leading into the restaurant, certain storm doors and vestibule, such allegations are expressly limited in another part of the trial statement, by the statement that: "The allegations in her petition, with respect to possession of the defendant in the premises occupied by A. Bloch under the lease referred to, was such possession as is permitted by the lease, and such other possession as is given by custom for the purpose of entering, inspecting and having the exclusive right to make repairs upon the premises just described, with particular reference to the contractual obligation to manage and control the door check on that door to the lobby entrance."

The plaintiff can recover only upon the allegations of her petition. **Drown v Traction Co., 76 Oh St 234; Cleveland Ry. Co. v Masterson, 126 Oh St 42.** And where, as in this case, the allegations of the petition are expressly limited in the opening statement, the plaintiff can recover only upon the allegations of her petition as circumscribed by her opening statement.

And in determining whether the plaintiff has stated a cause of action in her opening statement, it will be necessary to consider only such facts charged in her opening statement as tend to support the allegations of her petition as expressly circumscribed in her opening statement. It will therefore not be necessary to consider facts charged in the opening statement tending to show a different character of possession and control of the leased premises in the lessee (which necessarily implies a different control and possession of the lessor) than that charged in the petition as circumscribed by the opening statement.

Our inquiry, in determining whether such motion for judgment on the pleadings and on the opening statement of plaintiff, was properly granted, is therefore limited to two questions:

First. Whether the custom of defend-

ant, as pleaded in the petition and supported by facts charged in other parts of the opening statement, of setting up storm doors and making repairs on the restaurant premises is such possession or control of said premises as renders defendant lessor liable for the injuries sustained by the plaintiff invitee of the lessee as the result of the defective condition of said premises.

We will consider these questions in the order mentioned.

1. In 36 **Corpus Juris,** page 209, it is stated:

"Where repairs are voluntarily made by the landlord, such fact is not an admission of liability on his part to make repairs generally and to keep the premises in repair."

In 16 R.C.L. at page 1065, in commenting on those cases which contrary to the Ohio decisions, take the view that the general rule as to the liability of the lessee rather than the lessor, to third persons for injuries resulting from failure to repair the leased premises, does not apply where the landlord has covenanted to make necessary repairs, it is stated:

"The landlord must, however, in order to be liable, have bound himself to repair, and the mere reservation of the right to enter and inspect and make such repairs as he may see fit, is not deemed the equivalent of a covenant to repair. Nor will mere custom of the lessor to make repairs, without any agreement, suffice to render him liable."

Applying the reasoning upon which these holdings are based, to the facts of the case at bar, it is clear that where a tenant has possession of premises under a written lease, the custom of the landlord in making repairs which he is not required to make under the terms of such lease, will not suffice to render him liable to an invitee of such tenant for injuries sustained by such invitee on the leased premises by reason of failure to keep the same in repair; and the making of repairs by the landlord not required to be made by him under the terms of the written lease, is not a reservation of the control and possession of the leased premises which will render him liable to an invitee of the tenant for injuries sustained by such invitee by reason of the disrepair of said premises.

2. Under the decision of the Supreme Court of this state in the case of **Goodall v Deters, 121 Oh St 432,** the door and the door check thereon which are claimed to have been the cause of plaintiff's injuries, were a part of the leased premises.

It is also well settled in this state that even though there is a covenant in a lease on the part of the lessor to keep the premises in repair, this covenant does not inure to the benefit of the invitees of the tenant —they being strangers to the contract, and the landlord is not' liable for injuries sustained by such invitees as a result of the defective condition of the demised premises. Bradrick v Cheadel, 26 Oh St 392. Sh'ndlebeck v Moon, 32 Oh St 264. Stackhouse v Close, 63 Oh St 339. Marqua v Martin, 109 Oh St 56. Burkewitz v Winston, 128 Oh St 611.

In the case at bar there is no covenant on the part of the landlord to repair or keep the premises in repair, but there is a covenant on the part of the tenant that the premises are now in good repair and that he will deliver up and surrender unto the lessor the possession thereof at the termination of this lease in as good condition and repair as the same shall be in at the commencement of said term.

It is claimed by the plaintiff, however, that the provision appearing in a later clause of the lease, that the lessee shall not make any alterations therein or additions thereto without the written consent of the lessor first had and obtained, nullifies the preceding provision and is a reservation to the lessor of the control of said premises for the making of repairs. It will be noted, however, that the later clause refers only to alterations therein or additions thereto and does not in any way limit the right or duty of the lessee to make repairs.

The statements made in the petition and trial statement are so indefinite that it is impossible to determine whether the door check, by reason of some defect therein, did not operate properly or whether it was too small in capacity to accomplish the work for which it was designed. If it failed to operate properly by reason of a defect therein, the defect is clearly the subject of repairs which were not limited by the clause relating to alterations and additions. On the other hand, if the door check failed to operate properly by reason of insufficient capacity, the replacement thereof by a door check of sufficient capacity also comes within repairs to be made by the tenant under his covenant and which in the absence of an agreement to the contrary, the landlord, under the law, is not required to make. The repairs contemplated by the covenant and by the law are such repairs as are necessary to place the premises in a reasonable safe condition for the purposes for which they are used, and while

the installation of another door check of greater capacity in place of the door check on the door would not be a repair to the door check, it would be a repair to the door and to the demised premises as a whole to place them in such reasonably safe condition. Furthermore, in the event that the installation of a new door check in place of the old, should be considered an alteration instead of a repair, it was the duty of the tenant to keep said premises in a reasonably safe condition for the use of his invitees and the landlord would not in any event become liable to invitees for the failure of the tenant to make such alteration unless and until he had refused permission to the tenant to make such alteration, and it is not claimed in this case that the tenant ever made any request for permission to make such alteration or that the landlord denied such request. In this respect the facts in the case at bar differ from the facts in the case of Stackhouse v Close et, supra, where the landlord not only consented to the alterations but also supervised them through his architect, and in making such alterations violated the provisions of a statute.

The other covenants of the lease specified in the trial statement of plaintiff other than the covenants reserving to the lessor the right to enter the leased premises at all reasonable times to view and care for the same and to make repairs and alterations in said premises, do not reserve to defendant any possession or control over said leased premises insofar as the making of repairs is concerned. And the reservation by lessor of the rights to do the various things specified in these covenants is not a reservation of possession and control over the premises which would make the lessor liable for injuries sustained by an invitee of the lessee from the failure to keep said premises in repair. And the reservation to the lessor of the right to enter the premises to make alterations and repairs in said premises as well as the privilege reserved to the lessor to enter said premises at proper times to inspect the same, come with in the reasoning of the rule set forth in 16 R.C.L. page 1065, above referred to, and are not equivalent to a covenant reserving to the lessor the control of repairs to said premises or the possession and control of said premises.

For the reasons mentioned, the trial statement of the plaintiff incorporating the petition, did not state a cause of action in favor of the plaintiff against the defendant, and the motion for judgment on such petition and trial statement was properly

granted, and the judgment of the lower court will therefore be affirmed.

KLINGER, PJ, concurs.

CROW, J, concurring.

The case pleaded by plaintiff and stated by her counsel at the trial, and put to this court by the brief and argument of plaintiff in error, presented only the question of the liability of defendant to plaintiff by reason of defendant's ownership of the property and the effect of the lease it had made to the occupier thereof.

The very definite and clear rules of law laid down in 128 Oh St 611, when applied to the instant case must be taken as completely decisive, and require affirmance of the judgment which carried into effect the directed verdict for defendant.